UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

LEONARD DEFILIPPO,

Plaintiff,

vs.

CELEBRITY CRUISES, INC.

Defendant.

_________________________________/

# COMPLAINT

COMES NOW, the Plaintiff, LEONARD DEFILIPPO, by and through undersigned counsel, and sues Defendant CELEBRITY CRUISES, INC., and further states as follows:

## JURISDICTIONAL AND VENUE ALLEGATIONS

1. This is an action for damages in excess of $75,000.00, exclusive of interest and costs.
2. Plaintiff, LEONARD DEFILIPPO (hereinafter "Plaintiff"), is *sui juris*, is a citizen and resident of the state of Illinois and was at all times material a fare-paying passenger aboard the cruise ship *Celebrity Beyond* which was owned and/or operated by CELEBRITY CRUISES, INC. (hereinafter "CELEBRITY").
3. Defendant CELEBRITY is a foreign corporation with its principal place of business located at Miami, Florida.
4. Subject matter jurisdiction exists pursuant to 28 U.S.C. § 1332 and 1333 because there is complete diversity of citizenship as well as this being a maritime cause of action.

5. At all times material hereto, CELEBRITY has conducted ongoing, substantial, and not isolated business activity in Dade County, Florida, in the Southern District of Florida, so that *in personam* jurisdiction exists in the United States District Court for the Southern District of Florida.
6. At all times material, CELEBRITY has engaged in the business of operating maritime cruise vessels for paying passengers, including the Plaintiff.
7. In its ticket contract with Plaintiff, CELEBRITY requires fare-paying passengers like Plaintiff to bring any lawsuit against CELEBRITY arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Accordingly, venue is proper.
8. Venue is also proper in this district because CELEBRITY's principal place of business is located within this district.
9. Plaintiff has complied with all conditions precedent to filing this action.

**GENERAL ALLEGATIONS**

10. Defendant CELEBRITY owed Plaintiff a duty of reasonable care in the circumstances.

11. On or about February 3, 2024, the Plaintiff was a fare-paying passenger aboard CELEBRITY's cruise ship *Celebrity Beyond*.

11. On that date, the Plaintiff was walking on Deck 14 which was the outside pool deck.

13. As Plaintiff walked along the deck, he was caused to slip and fall on a large puddle of standing water from the outdoor shower.

14. The drain from the outdoor shower was clogged and not working properly and

allowed a large puddle to accumulate. In the alternative or in addition thereto, the drain was not adequate for water coming from an outdoor shower. The puddle more than likely contained contaminants from passengers using the shower such as soap or suntan lotion or oils which would make the deck even more slippery than it would be from just standing water.

15. Defendant's duty of reasonable care in the circumstances includes keeping the floors and decks of the ship clean and free from hazards such as large puddles of water and keeping drains at outdoor showers in proper operating condition.

16. On the aforesaid date, Defendant owned and/or operated the *Celebrity Beyond*.

17. At all times material, Plaintiff acted with due care for his own safety.

**COUNT I – NEGLIGENCE**

18. Plaintiff reavers and realleges paragraphs 1 through 17 as if set forth herein.

19. Defendant owed Plaintiff a duty of reasonable care in the circumstances.

20. Defendant failed to keep the deck where Plaintiff was expected to walk in a clean and dry condition.

21. Defendant had actual notice and knowledge of the dangerous condition which caused Plaintiff's injury based on the knowledge and actions of supervisors and ordinary employees working in the area at the time of Plaintiff's injury.

22. At all times material, Defendant either created the dangerous conditions of which Plaintiff complains in paragraphs 13-14 and/or the dangerous conditions existed for a sufficient period that Defendant through its employees had actual and/or constructive knowledge of the dangerous conditions, and/or Defendant had actual and/or constructive knowledge of the dangerous conditions through the ordinary

observations of its employees working in the area. The puddle was large enough to be easily seen by crew members working in the area.

23. Defendant was negligent by a) Failing to keep a passenger deck clean and dry, and/or; b) Failing to keep a drain at an outdoor shower in good condition so that water from the outdoor shower would drain properly, and/or; c) Failing to supervise deck personnel in order to keep the deck free from standing puddles, and/or; d) Failing to have a deck surface that would not be unreasonably slippery when wet, and/or; e) Failing to have a drain that was capable of properly draining water from an outdoor shower, and/or;

24. As a result of the foregoing, the Plaintiff was seriously injured in and about his body and extremities when he slipped and fell as a result of a large puddle of standing water near the outdoor shower. The Plaintiff suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and suffered physical handicap and a loss of the ability to enjoy life; suffered a loss of the enjoyment and value of the cruise. Said injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs.

## <u>COUNT II - NEGLIGENT FAILURE TO WARN</u>

25. Plaintiff reavers and realleges paragraphs 1 through 17 as if set forth herein.

26. Plaintiff was seriously injured when he slipped and fell as a result of standing water

on a clogged drain near an outdoor shower. In the alternative, the drain itself was too small to handle the large amount of water from an outdoor shower.

27. Defendant was aware or should have been aware through the exercise of reasonable care in the circumstances of the unreasonable danger posed by the puddle based on the actions and observations of employees in the area prior to Plaintiff being injured including cleaners, cabin stewards and supervisors.

28. The dangerous conditions as previously alleged in paragraph 13-14 were neither open nor obvious to the Plaintiff using his five senses nor was he told about the dangerous condition of the large puddle of standing water.

29. At all times material, the Plaintiff was acting with due care for his own safety.

30. As a result of the foregoing, the Plaintiff was seriously injured in and about his body and extremities. Plaintiff has suffered pain, mental and emotional distress and anguish therefrom; incurred medical expense and suffered physical handicap and a loss of the ability to enjoy life; suffered a loss of the enjoyment and value of the cruise. Said injuries are permanent and/or continuing in nature and the Plaintiff shall continue to suffer such losses and impairments in the future.

WHEREFORE, Plaintiff demands judgment from Defendant for damages, pre-judgment interest and costs. Plaintiff demands trial by jury.

DATED this 28th Day of January, 2025.

Respectfully submitted,

/s/ *Paul M. Hoffman, Esq.*
PAUL M. HOFFMAN, ESQ.
Florida Bar No. 0279897
pmh@paulhoffmanlaw.com
2881 East Oakland Park Boulevard
Fort Lauderdale, Florida 33306
Telephone: 954-707-5040
Facsimile: 954-315-1702
*Attorney for Plaintiff*