UNITED STATES DISTSRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25- CV -20388-PCH

LEONARD DEFILIPPO

Plaintiff,

v.

CELEBRITY CRUISES, INC.

Defendant.
_____________________________________/

**ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant, CELEBRITY CRUISES, INC., (hereinafter "CCI" or "DEFENDANT"), by and through its undersigned counsel responds to Plaintiffs' Complaint as follows:

**JURISDICTIONAL AND VENUE ALLEGATIONS**

1. Defendant admits that Plaintiff claims that this is an action wherein the amount in controversy exceeds the jurisdictional limits of this Court. Any and all remaining allegations in paragraph 1 are hereby denied.

2. Unknown as to Plaintiffs' residence, therefore denied. Defendant admits Plaintiff was a passenger on the subject vessel on the date alleged in the Complaint.

3. Defendant admits, for purposes of this litigation only, that it is permitted to conduct business in Florida, and maintains a principal place of business in Miami-Dade County, Florida. Any and all remaining allegations are hereby denied.

4. Defendant admits, for purposes of this litigation only, that jurisdiction is proper in this Court. Any and all remaining allegations are hereby denied.

5. For purposes of this litigation only, Defendant is not contesting jurisdiction.

6. Admitted, for purposes of this litigation only.

7. Defendant admits, for the purposes of this litigation only, that venue is proper in this Court.

8. Defendant admits, for the purposes of this litigation only, that venue is proper in this Court.

9. Denied.

**GENERAL ALLEGATIONS**

10. Defendant admits that it owes a duty of reasonable care under the circumstances to passengers aboard its vessels pursuant to *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406 (1959).

11. Admitted.

11. Denied.[1]

13. Denied.

14. Denied.

15. Denied.

16. Defendant admits, for the purposes of this litigation only, that it can be deemed the operator of the *Celebrity Beyond* on or about the dates alleged in the Plaintiffs' Complaint. Any and all remaining allegations contained in paragraph 16 are hereby denied.

17. Denied.

**COUNT I – NEGLIGENCE**

18. Defendant re-adopts and re-alleges each and every allegation contained in paragraphs 1 - 17 as though fully set forth herein.

[1] Defendant's Answer tracks the numbering in Plaintiff's Complaint which inadvertently has two paragraphs number 11 and does not have a paragraph numbered 12.

19. Defendant admits that it owes a duty of reasonable care under the circumstances to passengers aboard its vessels pursuant to *Kermarec v. Compagnie Generale Transatlantique*, 358 U.S. 625, 79 S.Ct. 406 (1959). Any and all remaining allegations are hereby denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied, including sub-paragraphs (a) through (e).

24. Denied.

Defendant denies Plaintiff is entitled to the relief sought in the Wherefore clause.

**COUNT II –NEGLIGENT FAILURE TO WARN**

25. Defendant re-adopts and re-alleges each and every allegation contained in paragraphs 1 – 17 as though fully set forth herein.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

Defendant denies Plaintiff is entitled to the relief sought in the Wherefore clause.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's own negligence was the sole proximate cause of his injuries and damages, and as such any damages are barred as a matter of law. Alternatively, Plaintiff's own negligence contributed to the subject incident and his injuries, and therefore, any award to the Plaintiff must be reduced pursuant to the principles of comparative negligence.

2. This action is governed by and subject to the terms, limitations, and conditions contained within the contract for passage and the Defendant adopts and incorporates same in its entirety to its answer by reference.

3. Plaintiffs' claims are governed by maritime law and any recovery is limited by general maritime law.

4. Plaintiffs' injuries are limited to association of a pre-existing condition(s), ifs any, and are limited to the degree of aggravation of these injuries.

5. The allegedly dangerous condition was open and obvious and should have been observed by the Plaintiff through the ordinary use of his senses, barring any recovery by the Plaintiff.

6. Plaintiff may only introduce into evidence the amount of medical bills and costs paid by collateral sources (rather than the billed amount). Alternatively, Defendant is entitled to a post-verdict setoff for any and all collateral source benefits paid or payable to Plaintiff.

7. Defendant alleges that any negligence alleged on behalf of Defendant, the existence of which Defendant expressly denies, was not the proximate cause of Plaintiffs' injuries, if any, and, as such, no liability exists.

8. Defendant alleges that the damages allegedly suffered by Plaintiff were not caused by any act or omission to act on the part of Defendant and were caused by other trauma suffered by Plaintiff in his lifetime.

9. Defendant alleges that the incident and injuries alleged in the Complaint were the result of intervening, independent, superseding and/or unforeseeable causes for which Defendant had no duty to protect Plaintiff from.

10. Plaintiffs' alleged damages, if any, were caused by the actions or omissions of third parties. To the extent that there may be multiple joint tortfeasors who are potentially liable for Plaintiffs' injuries, each tortfeasor's share of fault should be determined by the jury. Any recovery against the Defendant must be reduced by the amount of fault apportioned to potentially liable third parties.

Defendant reserves the right to amend its Affirmative Defenses as more facts become known through the course and scope of discovery.

W H E R E F O R E, the Defendant having answered the Plaintiffs' Complaint and asserted its affirmative defenses hereby moves for entry of judgment in its favor and against the Plaintiff.

Dated: March 7, 2025
Miami, Florida

Respectfully submitted,

By: /s/ Bryan E. Probst
BRYAN E. PROBST
Fla. Bar No.: 571881
bprobst@rccl.com
**CELEBRITY CRUISES INC.**
*Attorneys for Defendant*
1050 Caribbean Way
Miami, FL 33132
Tel.: (305) 982-2956
Fax: (305) 539-6561

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 7th day of March, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I ALSO CERTIFY that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to electronically receive Notices of Electronic Filing.

/s/ Bryan E. Probst ________
BRYAN E. PROBST
Fla. Bar No.: 571881

**SERVICE LIST**

| | |
|---|---|
| Paul M. Hoffman, Esq.<br>Hoffman Law Firm<br>2881 E. Oakland Park Blvd.<br>Fort Lauderdale, FL 33306<br>Email: pmh@paulhoffmanlaw.com<br>Telephone: (954) 707-5040<br><br>*Attorneys for Plaintiff* | Bryan Probst, Esq.<br>bprobst@rcl.com<br>Secondary: carolinaroldan@rccl.com<br>Paul J. Hehir, Esq.<br>phehir@rccl.com<br>Celebrity Cruises Inc.<br>1050 Caribbean Way<br>Miami, Florida 33132<br>Tel. (305) 982-2956<br>Fax (305) 539-6561<br><br>*Attorneys for Defendant* |